**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM ARGENTINA ) | |
| IN THE MATTER OF ) | Misc. No. 18- |
| GERAUD CHARLES JOSEPH ) | |
| MERCIER DE LACOMBE V. ) | |
| AGENCIA FRANCE PRESSE ) | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the
Application for an Order pursuant to Title 28, United States
Code, Section 1782, in order to execute a letter of request from
Argentina. A copy of the translation is attached.

FACTUAL BACKGROUND:

The authorities of Argentina are investigating a civil
proceeding. The case is a civil proceeding where the plaintiff
has brought a dismissal claim against the defendant.

EVIDENCE SOUGHT:

The authorities of Argentina seek information from
companies that may reside in this District. The authority for
this Court to accede to this request is contained in Title 28,
United States Code, Section 1782, which states in part:

(a)     The district court of the district in which a person
resides or is found may order him to give his testimony
or statement or to produce a document or other thing for
use in a proceeding in a foreign or international
tribunal, including criminal investigations conducted
before formal accusation.    The order may be made
pursuant to a letter rogatory issued, or request made,
by a foreign or international tribunal or upon the

application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, " (t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." In Re Letter of Request from the Crown Prosecution Services of the United Kingdom, 870 F.2d 686, 687 (D.C. Cir. 1989). The letter of request in this case shows that

the information sought is for use in such proceedings in Argentina and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1217, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled ex parte, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

DAVID C. WEISS
United States Attorney

BY: _____

Jennifer K. Welsh
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE    19801
(302) 573-6277

Dated: August 14, 2018